No. 375

## BALL v. BEST, Exec.

No. 19697. Supreme Court

On motion to certify. Dock. Mar. 18, 1926.

NEW TRIAL—When is a petition filed under 11580 GC. good on demurrer?

Philip Ball brought this action originally in the Stark Common Pleas against Charles Best,

## OHIO SUPREME COURT—Continued

as executor of the estate of Julia Best, nee Julia Ball, in which a new trial was sought under 11580 GC., on the ground of new evidence that could not with reasonable diligence be discovered before the end of the term.

11580 GC. reads as follows: When, with reasonable diligence, the grounds for a new trial could not be discovered before, but are discovered after the term at which the verdict, report, or decision was rendered or made, the application may be by petition, filed not later than the second term after the discovery, nor more than one year after final judgment was rendered, on which a summons must issue, be returnable and served, or publication made, as in other cases.

The original petition in this case was filed in the Stark Common Pleas on the 22nd day of August, 1924, and a final decree was entered in that court, Oct. 9, 1924. This was in what is known as the September term of that court, which began September 22nd, 1924, and ended the first week in January, 1925. The January term then began, and it was followed by the May term, 1925, and during this May term and on August 7th, 1925, the petition that is the subject of this action was filed, which was filed not later than the second term after the case was disposed of, and the first term after the new evidence was discovered.

A demurrer was filed to the petition filed under this section, which was sustained by the Court, and plaintiff not desiring to plead further, a final judgment dismissing the petition was entered and error was duly prosecuted in the Court of Appeals, which court affirmed the Common Pleas in sustaining the demurrer.

In the original cause, the Court, by the corroboration of a physician only, who was mistaken, found that the illness complained of, was due to abuse, principally sexual abuse, and granted a divorce and awarded $3,000 alimony.

Julia Ball, who had her former married name of Julia Best restored in said proceeding, died February 2nd, 1925, of cancer of the right lung, and it is claimed Philip Ball is now able to show she also had cancer of the liver, which ailments were the real cause of her complained illness. The petition sets up these circumstances and declares that the new evidence could not be obtained before her death, would necessitate a different finding by the Court.

Ball, in the Supreme Court, contends that all requirements are complied with in the petition and that unless his petition states a cause of action, there is no way of stating one under 11580 GC.

Attorneys—K. L. Cobourn, Salem, for Ball; E. S. Speidel and J. S. Miller, Alliance, for Best.